IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSE LUIS BARRERA-OLVERA, | § | |
| | § | |
| Movant, | § | |
| | § | Civil No. 4:16-CV-724-O |
| v. | § | (Criminal No. 4:15-CR-90-O (3)) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is Jose Luis Barrera-Olvera's motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. ECF No. 1. He claims that his trial counsel provided ineffective assistance and that, because of his limited knowledge of the law and of the English language, he did not understand his rights. Because his claims lack merit, the Court denies his Section 2255 motion with prejudice.

**Applicable Background**

Barrera-Olvera pleaded guilty to maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(1). *See United States v. Barrera-Olvera*, No. 4:15-CR-90-O (3), ECF No. 72. He was sentenced to 51 months' imprisonment with a three-year term of supervised release. *See id.* He did not appeal.

Barrera-Olvera now challenges his criminal judgment. *See* ECF No. 1. He claims that his counsel was ineffective:

> I received no positive assistance from the lawyer who handled my case. He did not defend my rights at all. He did not present any objections [to] the fact that the search done in my apartment and

-1-

>vehicle took place without an order. Also, he did not assist me in
>obtaining any benefit, such as the fast track program for deportable
>aliens, or the safety valve, or any concession for minor participation.

ECF No. 1 at 5. He also argues that he did not fully understand "the extent of [his] rights" because of his "limited knowledge of English and the law," and so he did not appeal or challenge the warrantless search of his apartment or vehicle. *Id.*

**Law & Analysis**

The Sixth Amendment guarantees a criminal defendant "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Claims concerning the alleged ineffective assistance of counsel are reviewed under the two-prong test established in *Strickland*. To prevail on an ineffective assistance of counsel claim under *Strickland*, the movant must show both (1) that his attorney's performance fell below an objective standard of reasonableness, and (2) that he was prejudiced by his attorney's substandard performance. *Id.* at 687-91, 694. Where, as here, the movant pleads guilty, he establishes prejudice by showing "that, but for counsel's errors, he would not have pleaded guilt and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

A court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. And the movant must offer more than "conclusory allegations" to establish ineffective assistance. *See Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective assistance are insufficient to raise a constitutional issue"); *see also United States v. Holmes*, 406 F.3d 337, 361 (5th Cir. 2005) (same).

Barrera-Olvera's allegations that his lawyer provided "no positive assistance" and did not

"defend his rights" are vague and conclusory. ECF No. 1 at 5. Thus, those allegations do not raise a constitutional issue. *See Green*, 160 F.3d at 1042.

Barrera-Olvera does claim with specificity that his counsel did not object to the warrantless searches of his property. *See* ECF No. 1 at 5. But he does not explain why counsel's decision not to file a motion to suppress was deficient or how he was prejudiced as a result. His mere allegation that the searches were conducted without a warrant is not enough. A warrantless search is not per se unlawful, *see, e.g.*, *United States v. Morales*, 171 F.3d 978, 981 (5th Cir. 1999) ("A search conducted pursuant to probable cause and exigent circumstances is one exception to the Fourth Amendment's warrant requirement"), and Barrera-Olvera does not explain why the searches here were illegal, let alone identify a specific theory under which his counsel should have challenged the searches. Because he has failed to explain why the search here was unlawful, Barrera-Olvera has not met his burden to rebut the "strong presumption that [his] counsel's conduct fell within the range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. As for prejudice, Barrera-Olvera fails to identify a single piece of evidence that would have been suppressed if his counsel had challenged the allegedly unlawful search. And, critically, he does not link the hypothetical suppression of any such evidence to his decision to plead guilty. *See Lockhart*, 474 U.S. at 58 (holding that, in the context of a guilty plea, the movant must show that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial). So, he cannot succeed on his claim that his counsel was ineffective for failing to challenge the warrantless searches.

Barerra-Olvera's claims that his counsel failed to secure him the benefits of "the fast track program for deportable aliens, [] the safety valve, or any concession for minor participation" fail for the same reason—he has made no attempt to show prejudice. Specifically, he has not alleged—let

alone offered facts that show—that he was eligible for fast-track disposition, 18 U.S.C. § 3553(f)'s safety valve, or a mitigating-role reduction. Nor has he explained what his counsel should have done in an effort to prove that he was so entitled. Therefore, he has not met his burden to show that his counsel's failure to seek those "benefits" caused him prejudice. Barrera-Olvera's "mere conclusory allegations"—that his counsel was ineffective for failing to secure these benefits—"are insufficient to raise a constitutional issue." *Green*, 160 F.3d at 1042.

Barrera-Olvera also claims that he did not fully understand his rights "[b]ecause of [his] limited knowledge of English and the laws, together with the poor legal advice." ECF No. 1 at 5; *see also id.* ("For example, I did not appeal, and did not challenge the illegal search of my property and vehicle."). To the extent that Barrera-Olvera is claiming that his counsel was ineffective for failing to ensure that he understood his constitutional rights, his claim fails as vague and conclusory. Barrera-Olvera does not point to a right about which his counsel failed to advise him or otherwise explain how his counsel's performance was deficient.

His claim also fails because he has not even alleged *Strickland* prejudice. Barrera-Olvera bears the burden to show that there is a substantial likelihood that the result of his criminal proceedings would have been different if counsel had more fully explained his rights. Yet he has made no attempt at such a showing. He does not claim, for example, that he would have pleaded not guilty and insisted on going to trial if only he had more fully understood his rights. *See Lockhart*, 474 U.S. at 58. Nor does he claim that he would have pursued a direct appeal had his counsel advised him of his right to do so. *See Roe v. Flores-Ortega*, 528 U.S. 470 (2000) (holding that when a movant claims that counsel breached his constitutionally-imposed duty to consult with the defendant about an appeal, prejudice is not presumed; rather, "a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an

appeal, he would have timely appealed."); *see also, e.g.*, *United States v. Calderon*, 665 F. App'x 356, 365 (5th Cir. 2016) (per curiam) (holding that the movant failed to establish prejudice where "[he] has not even alleged that he requested an appeal after entering his guilty plea, and he has not pointed to any evidence that he would have actually appealed, but for his counsel's failure to consult with regarding an appeal."). Thus, to the extent that Barrera-Olvera is claiming that his counsel was ineffective for failing to advise him of certain rights, he is not entitled to relief.

To the extent that Barrera-Olvera is attempting to raise a separate claim based on his assertion that he did not understand his rights—one distinct from an allegation of ineffective assistance—he is not entitled to post-conviction relief for at least two reasons. First, he could have, but did not, raise such a claim on direct appeal. Thus it is procedurally defaulted. To raise an issue for the first time on collateral review, a movant must show "cause" for his procedural default and "actual prejudice" resulting from the error. *United States v. Frady*, 456 U.S. 152, 167-68 (1982). Barrera-Olvera shows neither cause nor prejudice, and so he cannot succeed on his defaulted claim here.

Second, and more fundamentally, Barrera-Olvera's claim that he did not understand the "full extent of his rights" is belied by the record. At his rearraignment hearing, the Court asked whether Barrera-Olvera could read, write, and understand English; he responded "Yes, sir." *See United States v. Barrera-Olvera*, No. 4:15-CR-90-O (3), ECF No. 89 at 3. The Court asked him how much English he understood, and Barrera-Olvera replied "60, 70 percent." *Id.* Out of an abundance of caution, the Court proceeded with its plea colloquy through an interpreter. *See id.*

During the plea colloquy, the Court explained to Barrera-Olvera his rights to a speedy trial, at which he could confront witnesses and would be represented by counsel; his right against self incrimination; and his right to appeal his conviction. *See id.* at 5-6. The Court further advised him,

that if he pleaded guilty, "[he still had] the right to appeal the sentence [the Court would] impose unless you waive that right." *Id.* at 9. And the Court explicitly advised him that, by pleading guilty, he was waiving certain appellate rights, but that he had "reserved [his] right, however, to bring a direct appeal of the sentence exceeding the statutory maximum punishment, for an arithmetic error made in sentencing, to challenge the voluntariness of [his] plea of guilty for this waiver, and to bring a claim of ineffective assistance of counsel." *Id.* at 16-17. Barrera-Olvera acknowledged each of these rights, and then proceeded to plead guilty. *Id.* at 19. Barrera-Olvera was again advised of his right to appeal at his sentencing hearing. *See United States v. Barrera-Olvera*, No. 4:15-CR-90-O (3), ECF No. 89 at 7.

Barrera-Olvera also swore before the Court that he was satisfied with his attorney's representation in this case. *See United States v. Barrera-Olvera*, No. 4:15-CR-90-O (3), ECF No. 89 at 15. Not once—at his rearraignment hearing or his sentencing hearing—did Barrera-Olvera indicate to the Court that his attorney had difficulty communicating in a language that he understood or that his counsel was failing to communicate his rights as a criminal defendant. Barrera-Olvera's sworn declarations—that he was satisfied with his attorney's representation, and that he understood his rights and was knowingly and voluntarily waiving them—carry a strong presumption of truth, and he has made no effort to overcome that presumption here. *See, e.g.*, *United States v. Perez*, 690 F. App'x 191, 192 (5th Cir. 2017) (per curiam) ("A defendant's solemn declarations in open court carry a strong presumption of truth."). Accordingly, any claim that he is entitled to collateral relief because he did not understand his rights is without merit.

**Evidentiary Hearing**

Upon review of the motion to vacate and the files and records of this case, the Court need not hold an evidentiary hearing to resolve his claims. No evidentiary hearing is required if "the

motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). As explained above, the matters reviewed by the Court conclusively show that Barrera-Olvera is entitled to no relief.

## Certificate of Appealability

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c), the Court denies a certificate of appealability. Movant has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 48 (2000).

In the event that Barrera-Olvera elects to file a notice of appeal, the Court notes that he will need to pay the appellate filing fee or submit a motion to proceed *in forma pauperis*.

## Conclusion

This Section 2255 motion is **DENIED** with prejudice as meritless.

**SO ORDERED** this **15th day** of **March, 2018**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**